LULA FREEMAN HILL AND HUSBAND, FRANK C. HILL; MARIE GAUSE, WIDOW; ILA FREEMAN PHILLIPS; CELESTE BURNETT EATON AND HUSBAND, HUBERT A. EATON; FOSTER F. BURNETT, JR. AND WIFE, GLORIA M. BURNETT v. RESORT DEVELOPMENT COMPANY, INC.; LIZZIE HALL FREEMAN, WIDOW OF R. B. FREEMAN, JR.; GROVER FREEMAN, UNMARRIED; ARCHIE FREEMAN AND WIFE, BERNICE FREEMAN; AVIE FREEMAN BLUEFIELD AND HUSBAND, IRA BLUEFIELD; MILDRED FREEMAN; BERTHA MAE FREEMAN; VIOLA F. RODICK, AND HUSBAND, LOUIS RODICK; GENEVA FREEMAN CROMARTIE; VICTOR FREEMAN; OLIVER DINKINS, SR., WIDOWER OF LETHA FREEMAN DINKINS; OLIVER DINKINS, JR AND WIFE, MERCEDES DINKINS; MARTHA D. HOLLIDAY AND HUSBAND, GRANT HOLLIDAY; JAMES H. DINKINS AND WIFE, MARY DOE DINKINS; MAE ELEANOR DINKINS SPICER AND HUSBAND, HARLEE SPICER; ALICE DINKINS; VICTOR DINKINS, LORETTA DINKINS; ELECTA FREEMAN, WIDOW OF OCEOLA FREEMAN; RONALD FREEMAN; ONEDA FREEMAN AND ALWILDA FREEMAN.

(Filed 14 October, 1959.)

**1. Assistance, Writ of—**

     Writ of assistance is a remedy in the nature of an execution to enforce a decree adjudicating the title or right to possession of realty, and therefore where a petition for partition is dismissed by judgment which does not adjudicate title, the respondent is not entitled to the issuance of the writ upon motion thereafter made, nor may the findings of fact and conclusions of law of the court in dismissing the partition proceedings be considered in determining whether the judgment adjudicated title or the right to possession, the judgment alone being the sole basis for the determination of this question.

**2. Judgments § 27c—**

     The sole remedy against an erroneous judgment entered in a cause in which the court has jurisdiction of the parties and the subject matter is by appeal, and a party may not thereafter attack such judgment for errors therein or in the proceedings culminating in the entry thereof.

HIGGINS, J., not sitting.

MOORE, J., took no part in the consideration or decision of this case.

APPEAL by Lula Freeman Hill and Frank C. Hill from *Parker, J.,* March Civil Term, 1959, of NEW HANOVER.

This appeal is from an "ORDER AND WRIT OF POSSESSION" entered after a hearing on the "PETITION AND MOTION IN THE CAUSE" filed March 5, 1959, by Resort Development Company, Inc., hereafter called Development Company, and on the answer and counter-motion of Lula Freeman Hill and husband, Frank C. Hill.

This cause was instituted November 9, 1953, as a special proceeding for the partition of described lands in Federal Point Township, New Hanover County. The petitioners, including the Hills, alleged

that they and the respondents, including Development Company, owned said lands as tenants in common; and that petitioners and respondents traced their titles to specified undivided interests to a common source, to wit, Robert Bruce Freeman.

Answering, respondent Development Company denied the material allegations of the petition. It did not assert its ownership of the described lands or any part thereof. It prayed that the petition "be dismissed and that the respondent be permitted to go without day and recover its costs of the petitioners in this cause."

After transfer to the civil issue docket, the cause came on for trial before Judge Paul. A jury trial was waived; and the parties agreed that the presiding judge should hear the evidence, find the facts and enter judgment accordingly. The only evidence was that offered by the petitioners. The judgment, entered June 18, 1957, after recitals, findings of fact and conclusions of law, provided:

"IT IS THEREFORE CONSIDERED, ORDERED, ADJUDG-ED AND DECREED that this Special Proceeding be, and the same hereby is dismissed and that the respondents go without day and recover of the petitioners their costs to be taxed by the Clerk of this Court."

The respondents did not except to or appeal from said judgment. The Hills, belatedly, attempted to appeal from said judgment; but notice of appeal was not given within the time prescribed by law. Their petition for writ of *certiorari* to review said judgment was denied by this Court at Fall Term, 1957.

In its said "PETITION AND MOTION IN THE CAUSE," Development Company alleged in substance: (1) That Lula Freeman Hill and husband, Frank C. Hill, have no right, title or interest in and to the lands described in the petition for partition; (2) that said lands are owned by Development Company; and (3) that the Hills have personal property in a building on said lands and refuse to remove it notwithstanding notice that they do so. Development Company pleaded Judge Paul's judgment as *res judicata* in respect of their ownership of said lands.

Answering, the Hills denied the Development Company's said allegations; and then, as a counter-motion, attacked the judgment of Judge Paul "as being irregular, erroneous, improper and in excess of the jurisdiction of the Court" and asked that it be vacated and set aside.

After hearing, Judge Parker entered an "ORDER AND WRIT OF POSSESSION" which, after recitals, findings of fact and conclusions of law, adjudged (1) that Development Company is entitled to the immediate possession of the lands described in the petition

for partition, (2) that the Sheriff of New Hanover County dispossess Lula Freeman Hill and Frank C. Hill of said lands and put Development Company in possession thereof, and (3) that costs be taxed against the Hills.

The Hills excepted and appealed.

*Taylor & Mitchell for plaintiffs, appellants.*
*Kellum & Humphrey for defendant, appellee.*

BOBBITT, J. "A 'writ of *habere facias possessionem*' or a 'writ of possession' is generally used to enforce a judgment in ejectment. The writ should pursue the judgment and contain a sufficient description of the property." 28 C.J.S., Ejectment § 122(b). 18 Am. Jur., Ejectment § 140 *et seq.*

"The writ of assistance is a form of process issued by a court of equity to transfer the possession of lands, the title or right of possession to which it has previously adjudicated, as a means of enforcement of its decree, instead of turning the party over to a court of law to recover such possession. It performs the same office in a suit in equity as an execution in an action at law, being nothing more than the process by which the court of equity finally carries its judgment or decree into effect. . . . Indeed, the writ may be termed an equitable *habere facias possessionem*. The writ of assistance is sometimes called a writ of possession, the objects of the two being substantially the same, that is, to put the person entitled to property in possession. The distinction is that the former is the proper remedy in equitable, and the latter in legal, actions." 4 Am. Jur., Assistance, Writ of, § 2. *Bank v. Leverette*, 187 N.C. 743, 123 S.E. 68, and cases cited.

". . . on an application for a writ of assistance, the title cannot be adjudicated or the original case reviewed, or the decree modified." *Bank v. Leverette, supra; Exum v. Baker*, 115 N.C. 242, 20 S.E. 448. "The writ of assistance . . . is . . . for the enforcement of decrees or orders conferring a right to the present possession or enjoyment of property." *Clarke v. Aldridge*, 162 N.C. 326, 78 S.E. 216; *Gower v. Clayton*, 214 N.C. 309, 199 S.E. 77, and cases cited.

"It (the writ of assistance) has been defined as a form of process issued by a court of equity to transfer the possession of lands, the title or right of possession to which *it has previously adjudicated,* as a means of enforcing its decree." (Our italics) *Bank v. Leverette, supra*. Its sole function is to enforce the execution of a judgment. G. S. 1-302. Hence, a party is entitled to such writ only when the judgment he seeks to enforce has adjudged that he is entitled to such possession.

The judgment entered by Judge Paul on June 18, 1957, was a final judgment. It dismissed the special proceeding and adjudged "that the respondents go without day" and recover their costs. It did *not* adjudge that the Development Company was the owner or entitled to the possession of the lands described in the petition.

We have not set forth the findings of fact and conclusions of law of Judge Paul. The gist thereof is that petitioners failed to identify the lands described in the petition and failed to establish either record title or title by adverse possession thereto. There was no finding of fact or conclusion of law to the effect that the Development Company owned the lands described in the petition or any part thereof or that it was entitled to possession.

Whether there was error in Judge Paul's findings of fact or conclusions of law, and whether there was error in the judgment rendered thereon, were matters for consideration only upon appeal from said judgment. Where, as here, there is a final judgment, the judgment itself is the only source to which we may look to ascertain whether the Development Company is entitled to a writ of possession. Judge Paul did not so adjudge. It was error for Judge Parker, upon after-judgment pleadings, to attempt to do so.

No question is now presented as to whether any of the findings of fact or conclusions of law of Judge Paul, as distinguished from his judgment, would operate as an estoppel in an independent action between appellants and appellee relating to the lands described in the petition.

The Development Company stresses the fact (and apparently Judge Parker's decision was based largely thereon) that the petition for partition alleged: That Lula Freeman Hill owned a 50/480 undivided interest; that Lula Freeman Hill and husband, Frank C. Hill, owned a 21/480 undivided interest; that the Development Company owned a 284/480 undivided interest; and that other petitioners and respondents owned other specified undivided interests. It is contended that the Hills, by their said allegations, in effect admitted ownership by the Development Company of a 284/480 undivided interest.

While, as stated above, the right to a writ of possession depends solely on the judgment, it seems appropriate to call attention to this additional fact: Petitioners alleged that the Development Company's 284/480 undivided interest was acquired by it from Woodus Kellum, Trustee, who derived his title from John Nathan Freeman, *et al.* The answer of the Development Company admitted these conveyances, but expressly denied "that any of the lands described in said deed to it constitutes any part of the lands and premises described in the

first paragraph of this petition." Thus, the Development Company denied that it owned or had acquired a 284/480 undivided interest *in the lands described in the petition* by virtue of the conveyances alleged by petitioners. Moreover, it did not assert that it had otherwise acquired or owned any interest in the lands described in the petition. Its answer was wholly a defensive pleading; and, as indicated above, it did not seek affirmative relief.

Judge Parker rightly refused to consider the matters alleged in the Hills' counter-motion, wherein they attempted to attack Judge Paul's judgment by asserting errors therein and in the proceedings culminating in the entry thereof. Judge Paul had jurisdiction of the parties and of the subject matter; and, absent an appeal, the proceedings before Judge Paul were not subject to review either by Judge Parker or by this Court.

Since the judgment of Judge Paul did not adjudicate that the Development Company was either the owner or entitled to the possession of the lands described in the petition for partition, it was not entitled to said "ORDER AND WRIT OF POSSESSION." The entry thereof was error. Hence, the said "ORDER AND WRIT OF POSSESSION" is vacated and stricken.

Order and writ of possession vacated and stricken.

HIGGINS, J., not sitting.

MOORE, J., took no part in the consideration or decision of this case.