JAMES WILLIAM YOUNG v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

(Filed 25 May, 1966.)

**1. Judgments §§ 6, 20, 25—** .

While the clerk may modify a consent judgment to correct a mutual mistake or mistake by the court in entering the judgment so as to make the record speak the truth, the clerk may not alter the judgment on the ground that it was erroneous, since the remedy to correct an erroneous judgment is by appeal.

**2. Trial § 57—**

Where the parties waive jury trial and consent that the court find the facts, the parties transfer to the court the function of weighing the evidence, and the court's findings are conclusive if supported by competent evidence.

**3. Judgments §§ 6, 20, 25;   Insurance § 65—**

Consent judgment was entered settling all matters in controversy arising out of a collision. Thereafter, upon unverified motion and without evidence by affidavit or otherwise that the consent judgment failed to express the true intent of the parties, the judgment was modified as "erroneous," without notice to plaintiff's insurer, by inserting a statement that the judgment was without prejudice to defendant's alleged counterclaim. *Held:* Defendant, after recovery of judgment on his counterclaim, may not maintain an action against plaintiff's liability insurer.

Moore, J., not sitting.

Appeal by plaintiff from *Bailey, J.,* February, 1966 Civil Session, Johnston Superior Court.

On April 28, 1965, the plaintiff, James William Young, instituted this civil action against the defendant, State Farm Mutual Automobile Insurance Company, to recover the sum of $25,000.00 which the defendant, by its liability policy, is alleged to be obligated to

pay to the plaintiff on behalf of its insured, Melvin E. Moore, in satisfaction of a judgment entered in the Superior Court of Johnston County at its February, 1964 Civil Session.

The defendant, State Farm Mutual, filed a plea in bar, alleging in substance: On April 28, 1961, the defendant's insured, Melvin E. Moore, driving the insured vehicle, (Cadillac) collided with a Ford pickup truck, owned and being driven by the plaintiff, James William Young. Mrs. Melvin E. Moore, a passenger in her husband's Cadillac, was killed and Moore was injured. The plaintiff, James William Young, also was injured. Moore, individually and as administrator of his wife's estate, instituted civil actions against Young for damages on account of the injuries and wrongful death resulting from the collision. Young filed an answer, denying negligence and setting up against Moore a counterclaim for damages he sustained in the collision.

Young was indicted and convicted of the crime of involuntary manslaughter in causing the death of Mrs. Moore.

Other specific allegations of the plea in bar are here quoted:

"7. That the defendant is informed and believes, and therefore alleges, that James William Young, through his personal attorney, requested Young's liability insurance carrier to settle the claims of Melvin Moore, individually and as administrator.

"8. That on September 6, 1962, Melvin E. Moore, acting through his personal attorneys and without the knowledge of the attorneys for his liability insurance carrier, agreed to a settlement of his claim against James William Young, executed a full release of James William Young, accepted a substantial sum of money from Young's liability insurance carrier and consented to a judgment which was entered on September 6, 1962, in the Superior Court of Johnston County and which reads as follows:

"JUDGMENT. THIS CAUSE came on to be heard before the undersigned Clerk Superior Court, Johnston County, at which time it was made to appear to the Court from statement of counsel for plaintiff and counsel for the defendant that all matters and things in controversy in this action have been compromised, agreed and settled, and that the plaintiff has elected to take a voluntary nonsuit of his claim; it is, therefore, ORDERED:

"That this action be, and the same is hereby dismissed as of nonsuit. * * *

"14. That thereafter, on September 18, 1963, James William

Young, acting through his personal attorney, filed a motion in the Superior Court of Johnston County reading as follows:

" 'MOTION: That on September 6, 1962, a Consent Judgment was entered into by and between the plaintiff, Melvin E. Moore, and his attorney, Joseph H. Levinson, and the defendant's insurance company carrier's attorney, J. C. Moore, purporting to settle all matters and things in controversy between the plaintiff and defendant.

"That said Judgment was inadvertently, or erroneously, entered, in that: It should have read, "Without prejudice to the defendant's counterclaim." '

"15. That the attorneys for Melvin Moore's liability insurance carrier had no notice of or knowledge of such motion until after a consent order had been entered thereon.

"16. That in connection with said motion, James William Young, through his personal attorney, prepared an order for the signature of the Clerk to change the judgment in accordance with the motion and presented the same to the personal attorneys for the plaintiff Moore and requested Melvin E. Moore to consent to said order.

"17. That Melvin E. Moore, through his personal attorneys, consented to the order on September 23, 1963, and the following order was entered by the Clerk on that day:

" 'ORDER. This cause coming on to be heard and it appearing to the Court, and the Court finding as a fact that said judgment is erroneous and that he is entitled to have said error corrected to read, "without prejudice to the defendant's counterclaim" '

" 'IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that said Judgment be, and the same is hereby corrected to read, "Without prejudice to the defendant's counterclaim." ' "

The motion was filed and allowed 12 days after the entry of the original judgment. The motion was not verified and was not supported by affidavit or other evidence. The motion recited the following: "The judgment was inadvertently or erroneously entered in that it should have read, 'Without prejudice to the defendant's counterclaim.' " The clerk found (apparently from the motion itself) "That said judgment is erroneous."

Thereafter, the defendant Young (plaintiff herein) tried his counterclaim against Moore and obtained a judgment for $25,000.00. In the present action he, as plaintiff, seeks to collect the judgment from the present defendant, Moore's liability insurance carrier. At the trial the parties stipulated that Judge Bailey should try the

case without a jury and from the records and stipulations render judgment.

After finding the facts, of which the foregoing is a summary, Judge Bailey concluded that both Moore and Young, by the consent judgment, settled the controversy. By adding, "Without prejudice to the defendant's counterclaim," thereafter, both waived the protection and benefits of the policy of insurance issued by the defendant, State Farm Mutual Automobile Insurance Company, and, "That James William Young is estopped from maintaining this action. . . . That it would be against public policy for the plaintiff to recover of the defendant in this action." Judge Bailey entered judgment sustaining the plea in bar and denying the right of the plaintiff to maintain this action. The plaintiff excepted and appealed.

*Canaday & Canaday by Harry E. Canaday, J. R. Barefoot for plaintiff appellant.*
*Smith, Leach, Anderson & Dorsett for defendant appellee.*

HIGGINS, J. The sole assignment of error involves the validity of the judgment. The plaintiff assails it on two grounds: "(a) It is against the weight of the evidence; and (b) it is contrary to the law and the conclusions of law arising from the facts thereon."

By waiving a jury trial and by consenting for the court to find the facts, the parties transferred to the Judge the function of weighing the evidence. Hence the findings are conclusive if supported by competent evidence. The record consists of the pleadings, documents, and stipulations. Most of these this Court has seen before. *Moore v. Young,* 260 N.C. 654, 133 S.E. 2d 510; *Moore v. Young,* 263 N.C. 483, 139 S.E. 2d 704. These records furnish ample support for Judge Bailey's findings of fact.

The records disclose that Moore brought this action against Young for damages resulting from their motor vehicle collision. Young answered, denying negligence and setting up a counterclaim alleging Moore's negligence. By judgment, the parties "compromised, agreed and settled" all matters and things in controversy. Young's insurance carrier paid Moore a substantial sum of money and obtained from Moore full release of Young's liability. Twelve days later Young, by motion, and with Moore's consent, moved to amend the judgment, reciting: "That said judgment was inadvertently or erroneously entered in that it should have read: 'Without prejudice to the defendant's counterclaim.' " The motion was not verified. Evidence was not offered by affidavit or otherwise that by mutual mistake of the parties or by mistake of the court the record did not

speak the truth. The clerk found the judgment "is erroneous." Young and Moore, and Young's insurance carrier are stuck with this finding or conclusion which serves as the only basis for the addition to the judgment. The addition attempting to restore the defendant's counterclaim is inconsistent with that part of the judgment which recites that all matters and things in controversy were compromised and settled.

Ordinarily, erroneous judgments may be corrected only by appeal. *Hill v. Development Co.*, 251 N.C. 52, 110 S.E. 2d 470. *"An erroneous judgment is one rendered contrary to law. . . . (I)t must remain and have effect until by appeal to a Court of Errors it shall be reversed or modified." Moore v. Humphrey*, 247 N.C. 423, 101 S.E. 2d 460; Strong's N. C. Index, "Judgments," Vol. 3, § 20.

We doubt if court records, especially judgments, may be treated with such informality as the record in this case discloses. However, Moore and Young caused the change in the judgment to be made. Their respective rights and duties *inter se* are not before us. Having compromised and settled their adverse claims against each other upon the basis of Young's insurer having paid off Moore's claim, this conduct absolved Moore's insurer from liability. Thereafter, by changing the judgment, the parties did not restore this defendant's liability which had terminated by the settlement. The defendant's liability having terminated, the parties could not restore it, enabling Young to collect from Moore's insurer. The law does not look with favor on liability created by manipulation. Notice that such would be this Court's view is given in the closing sentence of the opinion in *Moore v. Young*, 263 N.C. 483: "Needless to say, no question arises, on this appeal, as to the liability of plaintiff's insurance carrier upon the judgment rendered."

If Young was guilty of actionable negligence and Moore free from it, Moore should recover. If Moore was guilty and Young was not, Young should recover. If both were guilty, neither should recover. Young was found guilty of culpable negligence in the criminal case. Thereafter his insurer paid Moore in full. This compromise settlement operated not only as a merger of all interests, but as a bar to all rights. *Beauchamp v. Clark*, 250 N.C. 132, 108 S.E. 2d 535; *Jenkins v. Fields*, 240 N.C. 776, 83 S.E. 2d 908; *Snyder v. Oil Co.*, 235 N.C. 119, 68 S.E. 2d 805.

The trial court's judgment that Young cannot now maintain this action against State Farm Mutual Automobile Insurance Com-

pany is a proper conclusion from the facts found. The judgment of the Superior Court is

Affirmed.

MOORE, J., not sitting.