DOUGLAS O. WILSON, Plaintiff v. E-Z FLO CHEMICAL COMPANY, A Division of Growers Service, Corporation, Defendant and Third Party Plaintiff v. UNIROYAL CHEMICAL, a Division of Uniroyal, Incorporated, Third Party Defendant

No. 724SC170

(Filed 23 February 1972)

1. **Sales § 17; Uniform Commercial Code § 15— chemical herbicide — squash crop — warranty of fitness**

   The evidence was sufficient to support the trial court's finding that the manufacturer of the chemical "Alanap" expressly and impliedly warranted that it was fit and proper to be used as a pre-emergent herbicide for control of grasses and weeds in a squash crop, where it tended to show that the chemical was placed on the market for use in killing weeds and grasses when applied to certain crops enumerated on the label, including squash, and that a manual provided by the manufacturer recommended the chemical for squash as a pre-emergent herbicide.

2. **Negligence § 10; Sales § 17— breach of warranty of fitness — action against manufacturer — intervening negligence by retailer**

   In an action against a manufacturer for breach of warranty of fitness of a pre-emergent herbicide for use on a squash crop, the failure of the retailer of the herbicide to give plaintiff the warning furnished by the manufacturer in its herbicide manual against use of the product "on vine crops of any kind when growing conditions are very adverse; namely in early spring when weather is cold and wet" *held* not to constitute intervening negligence by the retailer where it does not appear from the evidence that the growing conditions were "very adverse," as defined in the manufacturer's manual, when the herbicide was used by plaintiff.

APPEAL by third party defendant from *James, Judge,* April 1971 Session of SAMPSON Superior Court.

Plaintiff brought this action against E-Z Flo Chemical Company, defendant and third party plaintiff, (E-Z Flo) to recover damages alleged to have resulted from the use of a chemical known as Alanap which was applied by plaintiff to a newly planted squash crop. Plaintiff alleged breach of an express and implied warranty that the product was suitable for use as a pre-emergent herbicide and that E-Z Flo knew the purpose for which the product was intended. E-Z Flo denied such breach and filed a third party complaint against Uniroyal Chemical (Uniroyal) as a third party defendant. E-Z Flo alleged the primary liability for plaintiff's loss rested with the manufacturer, Uniroyal, maintaining that no warranties were made

---

---

by E-Z Flo to plaintiff other than those made to E-Z Flo by Uniroyal. Uniroyal denied any breach of warranty and alleged as an affirmative defense the active and intervening negligence of E-Z Flo in not giving plaintiff the warning furnished by Uniroyal in its Herbicide Marketing Manual against the use of Alanap "on vine crops of any kind when growing conditions are very adverse; namely in early spring when weather is cold and wet."

By consent the court heard the case without a jury. The court found that plaintiff was damaged in the amount of $7,620 by the breach of warranty on the part of E-Z Flo, but that Uniroyal was primarily liable to plaintiff by virtue of a breach of warranty in its manufacture and distribution of Alanap. Uniroyal appealed.

*Chambliss, Paderick & Warrick by Joseph B. Chambliss for third party plaintiff appellee.*

*Smith, Anderson, Dorsett, Blount and Ragsdale by John L. Jernigan for third party defendant appellant.*

BRITT, Judge.

Appellant first contends that the evidence was not sufficient to support a finding by the court that Uniroyal breached a warranty of fitness for a particular use. We hold that the evidence was sufficient to support the finding. G.S. 25-2-314(1) provides, "Unless excluded or modified (§ 25-2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. . . ." G.S. 25-2-314(2)(c) provides, "Goods to be merchantable must be at least such as are fit for the ordinary purposes for which such goods are used; . . . ." G.S. 25-2-315 provides, "Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section [§ 25-2-316] an implied warranty that the goods shall be fit for such purpose."

[1] In this case Uniroyal caused to be placed on the market a product, Alanap, to kill weeds and grasses when applied to certain crops enumerated on the label, among which is squash.

E-Z Flo was a distributor of Alanap. Certain manuals were provided E-Z Flo by Uniroyal to guide E-Z Flo in the sale of the product. Everything else about the product was solely within the knowledge of Uniroyal. The manual referred to by E-Z Flo recommended Alanap for squash as a pre-emergent herbicide. The containers were sealed and were delivered by E-Z Flo as received from Uniroyal. The product was warranted by Uniroyal to be fit for the uses described and shown upon the labels attached to the containers. No warranties were made to the plaintiff by E-Z Flo other than those which were made to it by Uniroyal. "We know of no reason why * * * they (assurances on the label) should not constitute a warranty on the part of the original seller and distributor running with the product into the hands of the consumer, for whom it was intended." *Simpson v. Oil Co.*, 217 N.C. 542, 546, 8 S.E. 2d 813, 816 (1940). The evidence was plenary to show that Uniroyal expressly and impliedly warranted to the world that its product, Alanap, was fit and proper to be used as a pre-emergent herbicide for control of grasses and weeds in a squash crop. In light of the evidence, the question was one of fact for the judge sitting as a jury to determine. The court's findings of fact are conclusive upon appeal if supported by any competent evidence. *Pendergrass v. Massengill*, 269 N.C. 364, 152 S.E. 2d 657 (1967).

[2]  Appellant next contends that even if there were a breach of warranty by Uniroyal, there was active and intervening negligence by E-Z Flo. Appellant contends that the failure of E-Z Flo to read the warning in the manual against the use of Alanap "on vine crops of any kind when growing conditions are very adverse; namely in early spring when weather is cold and wet" constituted negligence which precludes indemnity from Uniroyal. From the evidence presented at trial, it does not appear that the growing conditions were "very adverse" as defined by Uniroyal in its manual. Therefore, the failure to read the warning would seem to be immaterial, but the resulting question of negligence is again a question of fact. The parties having waived trial by jury, the findings of fact, supported as they are by the evidence, are binding upon this court on appeal. *Young v. Insurance Co.*, 267 N.C. 339, 148 S.E. 2d 226 (1966).

The judgment appealed from is

Affirmed.

Judges BROCK and VAUGHN concur.