TOWN OF SYLVA v. JAMES OLIVER GIBSON AND COUNTY OF JACKSON

No. 8030DC908

(Filed 21 April 1981)

1. **Attorneys at Law § 7.5; Rules of Civil Procedure § 60 – delinquent taxes – attorney's fee – authority of another judge to modify**

   Where the district court entered a judgment of $215.97 against defendant for delinquent taxes plus costs, including a fee of $350.00 for plaintiff town's attorney, another district court judge did not have authority under G.S. 1A-1, Rule 60(b) to modify the prior judgment as to the amount of the attorney's fee on the ground that plaintiff was entitled under G.S. 105-374(i) and G.S. 6-21.2 to an attorney's fee of no more than 15% of the amount awarded for delinquent taxes.

2. **Attorneys at Law § 7.5; Taxation § 41– tax foreclosure sale – amount of attorney's fee**

   The amount of an attorney's fee awarded in a tax foreclosure proceeding under G.S. 105-374 is to be determined pursuant to G.S. 105-374(i) in the discretion of the trial court and is not limited by the provisions of G.S. 6-21.2.

APPEAL by plaintiff from *Leatherwood, Judge.* Order entered 10 June 1980 in District Court, JACKSON County. Heard in the Court of Appeals 2 April 1981.

Plaintiff brought this action to recover delinquent taxes from defendant Gibson. On 8 April 1980, the Honorable John J. Snow, Jr., judge presiding in the District Court for Jackson County, entered judgment against defendant, including a reasonable attorney's fee for plaintiff. On 30 April 1980, defendant filed a motion for relief from judgment. Following a hearing at the 2 June 1980 session of the District Court for Jackson County, the Honorable Robert Leatherwood, III, judge presiding at the session entered an order modifying a portion of the 8 April 1980 judgment. Plaintiff has appealed from Judge Leatherwood's order.

*Holt, Haire & Bridgers, P.A., by R. Phillip Haire, for plaintiff appellant.*

*Western North Carolina Legal Services, Inc., by William P. Hunter, for defendant appellee.*

WELLS, Judge.

[1] The sole question considered in this appeal is whether Judge Leatherwood erred in modifying Judge Snow's prior judgment as to the amount of attorney's fees to be awarded plaintiff.

In his judgment, Judge Snow made findings of fact, entered conclusions of law, and in entering judgment for plaintiff, awarded plaintiff an attorney's fee of $350.00 as part of the costs of the action. Defendant Gibson did not appeal from Judge Snow's judgment, but instead filed a motion for relief from judgment. The motion was apparently filed after expiration of the time within which notice of appeal may be taken.

The pertinent parts of defendant Gibson's motion and Judge Leatherwood's order in response to that motion are as follows:

THE DEFENDANT, JAMES OLIVER GIBSON, moves the Court, pursuant to Rule 60 of the Rules of Civil Procedure for relief from the Judgment entered April 8, 1980, on the following grounds:

. . . .

2). The Court mistakenly ordered the Defendant to pay an attorney fee of Three Hundred Fifty ($350.00) Dollars as a "reasonable attorney fee", in that:

  a). NCGS §105-374(i) and NCGS §6-21.2 provide that a reasonable attorney fee shall be construed to mean fifteen (15%) percent of the outstanding balance on the debt. To allow more than fifteen (15%) percent as a reasonable attorney fee would deny Defendant due process of law under the Constitution of the United States and the State of North Carolina.

  . . . .

THIS CAUSE, coming on to be heard, and being heard before the undersigned Judge Presiding at the June 2, 1980 Civil Session of Jackson County District Court upon Defendant, JAMES OLIVER GIBSON'S, Motion for Relief from Judgment and Exceptions to Sale, and upon Plaintiff's Motion for Damages; the Court, having heard the evidence, testimony of witness, and argument of counsel, and having examined the record, documents entered herein, and memoranda of counsel, makes the following:

### FINDINGS OF FACT

1). THAT on April 8, 1980, Judgment was entered in this action, ordering that:

  A). The Plaintiff have and recover of the Defendants, in rem, the sum of Two Hundred Fifteen and 97/100 ($215.97) Dollars, plus costs of this action, including an attorney's fee of Three Hundred Fifty and No/ 100 ($350.00) Dollars.

  . . . .

### CONCLUSIONS OF LAW

  . . . .

3). THAT the Defendant, JAMES OLIVER GIBSON, is entitled to relief from the Judgment insofar as said judgment awards costs to the Plaintiff for attorney's fee exceeding fifteen percent (15%) of the amount of taxes due and interest thereon.

  . . . .

WHEREFORE, IT IS HEREBY ORDERED AND AD-JUDGED:

. . . .

4). THAT the Judgment herein be, and hereby is, modified so that Plaintiff have and recover the costs of this action, including an attorney's fee of fifteen percent (15%) of the amount awarded for taxes due and interest; that is, the sum of Twenty-Seven and 81/100 ($27.81) Dollars.

. . . .

It is clear from the wording of his motion that defendant was asserting an error of law in Judge Snow's judgment as his basis for relief. It is just as clear that Judge Leatherwood's order attempted or purported to modify Judge Snow's order so as to apply a different principle or rule of law to the portion of the prior judgment awarding attorney's fees. This was clearly erroneous. It is settled law that erroneous judgments may be corrected only by appeal, *Young v. Insurance Co.*, 267 N.C. 339, 343, 148 S.E. 2d 226, 229 (1966) and that a motion under G.S. 1A-1, Rule 60(b) of the Rules of Civil Procedure cannot be used as a substitute for appellate review. *O'Neill v. Bank*, 40 N.C. App. 227, 231, 252 S.E. 2d 231, 234 (1979); *see also, In re Snipes*, 45 N.C. App. 79, 81, 262 S.E. 2d 292, 294 (1980); 2 McIntosh, N.C. Practice and Procedure § 1720 (Supp. 1970). A judge of the District Court cannot modify a judgment or order of another judge of the District Court, *Waters v. Personnel, Inc.*, 32 N.C. App. 548, 550, 233 S.E. 2d 76, 78 (1977), *rev'd on other grounds*, 294 N.C. 200, 240 S.E. 2d 338 (1978), absent mistake, fraud, newly discovered evidence, satisfaction and release, or a showing based on competent evidence that justice requires it. *Sides v. Reid*, 35 N.C. App. 235, 238, 241 S.E. 2d 110, 112 (1978); *Whitfield v. Wakefield*, 51 N.C. App. 124, 275 S.E. 2d 263 (1981). In the case *sub judice*, defendant does not contend, nor could he show, that the disputed portion of Judge Snow's judgment was void or irregular, or that it was *entered* through mistake or inadvertence, or is otherwise deficient in any way which would compel another judge of the District Court, in the interest of justice, to correct it.

[2] In its appeal, plaintiff has also argued that Judge Leatherwood's conclusions as to the correct statutory provision for

setting attorney's fees in such cases were erroneous. Although we have held that Judge Leatherwood was without authority to reach that question, we deem it appropriate to note that plaintiff's argument states the correct rule of law: *i.e.*, that the amount of attorney's fees in such cases is to be determined under G.S. 105-374(i) in the discretion of the trial court, not limited by the provisions of G.S. 6-21.2.

Judge Leatherwood's order of 10 June 1980 modifying Judge Snow's judgment of 8 April 1980 as to the award of attorney's fees to plaintiff is vacated. The case is remanded for proceedings not inconsistent with this opinion.

Vacated and remanded.

Judges VAUGHN and CLARK concur.