TIMOTHY B. McKYER, Plaintiff v. FONTELLA D. McKYER, Defendant

No. COA06-1003

(Filed 3 April 2007)

**1. Civil Procedure— Rule 60 motion—denial—no abuse of discretion**

The trial court did not abuse its discretion by denying plaintiff's Rule 60 motion for relief in an action arising from multiple appeals in an action for divorce, child support, and child custody. The trial court's findings were supported by competent evidence. Plaintiff did not show that the order was manifestly unsupported by reason.

**2. Child Support, Custody, and Visitation— parental coordinator—appointment of—no error**

An assignment of error to the appointment of a parent coordinator was overruled where the transcripts of the proceeding were incomplete, the trial court's findings were presumed to be supported by competent evidence, and the trial court's findings demonstrate that it complied with N.C.G.S. § 50-94.

Appeal by plaintiff from orders entered 9 February 2006 by Judge Jane V. Harper in Mecklenburg County District Court. Heard in the Court of Appeals 7 March 2007.

*Marnite Shuford, for plaintiff-appellant.*

*Billie R. Ellerbe, for defendant-appellee.*

TYSON, Judge.

Timothy B. McKyer ("plaintiff") appeals from orders denying his motion for relief from judgment pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b) and granting Fontella D. McKyer's ("defendant") motion to appoint a parent coordinator. We affirm.

I. Background

This is the fourth appeal to this Court regarding the parties' divorce, child support, and custody battle over their two sons. *See McKyer v. McKyer*, 152 N.C. App. 477, 567 S.E.2d 840 (2002) (Unpublished), *disc. rev. denied*, 356 N.C. 438, 572 S.E.2d 785 (2002); *McKyer v. McKyer*, 159 N.C. App. 466, 583 S.E.2d 427 (2003) (Un-

published), *disc. rev. denied*, 358 N.C. 235, 593 S.E.2d 781 (2004); *McKyer v. McKyer*, 179 N.C. App. 132, 632 S.E.2d 828 (2006).

After hearings held on 15 March 2004, 16 March 2004, and 6 April 2004, the trial court entered three separate orders on 2 August 2004: (1) an equitable distribution order; (2) a child custody order; and (3) a temporary child support order. On 23 August 2004, plaintiff noticed appeal of the equitable distribution and child custody orders.

On 15 December 2004, defendant moved to dismiss plaintiff's appeal due to his failure to settle the record on appeal pursuant to Rule 11 and Rule 12 of the North Carolina Rules of Appellate Procedure. Defendant alleged plaintiff's failure to settle the record on appeal violated Rule 25(a) of the North Carolina Rules of Appellate Procedure and required dismissal.

On 30 December 2004, plaintiff filed a "Motion for Extension of Time To Settle Record on Appeal" with this Court. This Court denied plaintiff's motion by order entered 5 January 2005.

After a hearing on 13 January 2005, the trial court entered a permanent child support order on 25 January 2005. On 14 February 2005, the trial court entered another child support order regarding plaintiff's claim for past due child support.

On 23 February 2005, plaintiff noticed a purported appeal of the trial court's equitable distribution and child custody orders and the 25 January 2005 child support order. Plaintiff argued this notice of appeal of the equitable distribution and child custody orders entered 2 August 2004 was proper because final judgment had been entered on all claims tried on 15 March 2004, 16 March 2004, and 6 April 2004.

On 16 March 2005, defendant moved to dismiss plaintiff's appeal regarding the equitable distribution and child custody orders entered 2 August 2004. Defendant alleged that: (1) at the time plaintiff filed his 23 February 2005 notice of appeal, her 15 December 2004 motion to dismiss his 23 August 2004 notice of appeal was still pending before the trial court; (2) plaintiff abandoned the 23 August 2004 notice of appeal by failing to defend defendant's motion to dismiss and by filing a new notice of appeal; and (3) plaintiff's appeals should be dismissed for failure to comply with Rule 11 and Rule 12 of the North Carolina Rules of Appellate Procedure.

On 31 March 2005, plaintiff filed with the trial court a "Notice of Withdrawal of Notices of Appeal Without Prejudice on Interlocutory Orders" purporting to withdraw his notices of appeal filed 23 August 2004. Plaintiff asserted: (1) the 2 August 2004 custody and equitable distribution orders were interlocutory and (2) the notices of appeal entered 23 August 2004 regarding these orders were withdrawn, without prejudice.

On 5 April 2005, plaintiff also filed with the trial court a "Voluntary Dismissal Without Prejudice of Notices of Appeal of Interlocutory Orders." Plaintiff asserted the 2 August 2004 custody and equitable distribution orders were interlocutory and the notices of appeal filed 23 August 2004 were voluntarily dismissed.

On 26 April 2005, the trial court entered an order that found: (1) plaintiff failed to settle the record on appeal as required by Rule 11 and Rule 12 of the North Carolina Rules of Appellate Procedure; (2) plaintiff violated Rule 25(a) of the North Carolina Rules of Appellate Procedure after noticing appeal on 23 August 2004; (3) plaintiff abandoned the notices of appeal filed 23 August 2004 by attempting to file new notices of appeal on 23 February 2005; and (4) the 23 February 2005 notices of appeal filed on the 2 August 2004 child custody and equitable distribution orders were filed untimely. The trial court granted defendant's 15 December 2004 motion to dismiss plaintiff's notices of appeal filed 23 August 2004 and granted defendant's 16 March 2005 motion to dismiss plaintiff's notices of appeal filed 23 February 2005. On 5 July 2005, the trial court also ordered plaintiff, pursuant to Rule 35 and Rule 36 of the North Carolina Rules of Appellate Procedure, to pay defense counsel's reasonable attorney's fees as costs in the amount of $3,700.00.

On 31 August 2005, plaintiff filed a "Petition for Writ of Certiorari" with this Court. Plaintiff sought to have the trial court's 26 April 2005 and 5 July 2005 orders reviewed by this Court. On 16 September 2005, this Court denied plaintiff's motion.

On 20 October 2005, plaintiff filed with the trial court a "Motion in the Cause," pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b)(5) and (6), to vacate the trial court's 26 April 2005 order to dismiss his notices of appeal in the child custody and equitable distribution cases. Plaintiff also moved to vacate the trial court's 5 July 2005 order that awarded defendant her attorney's fees as costs. On 10 November 2005, defendant filed a "Motion to Appoint a Parent Coordinator."

On 9 February 2006, the trial court entered two orders denying plaintiff relief under Rule 60(b) and appointing a parent coordinator. From these orders, plaintiff properly appeals.

## II.  Issues

Plaintiff argues the trial court erred by: (1) denying his motion for Rule 60(b) relief and (2) granting defendant's motion to appoint a parent coordinator.

## III.  Standard of Review

Our standard to review the trial court's ruling on a Rule 60(b) motion is well settled. "[A] motion for relief under Rule 60(b) is addressed to the sound discretion of the trial court and appellate review is limited to determining whether the court abused its discretion." *Sink v. Easter*, 288 N.C. 183, 198, 217 S.E.2d 532, 541 (1975). "[A] trial judge's extensive power to afford relief [under Rule 60(b)] is accompanied by a corresponding discretion to deny it, and the only question for our determination . . . is whether the court abused its discretion in denying defendant's motion." *Sawyer v. Goodman*, 63 N.C. App. 191, 193, 303 S.E.2d 632, 633-34; *disc. rev. denied*, 309 N.C. 823, 310 S.E.2d 352 (1983). "A judge is subject to reversal for abuse of discretion only upon a showing by a litigant that the challenged actions are manifestly unsupported by reason." *Clark v. Clark*, 301 N.C. 123, 129, 271 S.E.2d 58, 63 (1980) (citation omitted).

"Findings of fact made by the trial court upon a motion to set aside a judgment by default are binding on appeal if supported by any competent evidence." *Kirby v. Asheville Contracting Co.*, 11 N.C. App. 128, 132, 180 S.E.2d 407, 410, *cert. denied*, 278 N.C. 701, 181 S.E.2d 602 (1971). We review conclusions of law made by the trial court *de novo* on appeal. *Moore v. Deal*, 239 N.C. 224, 228, 79 S.E.2d 507, 510 (1954); *Starco, Inc. v. AMG Bonding and Ins. Servs.*, 124 N.C. App. 332, 336, 477 S.E.2d 211, 215 (1996).

## IV.  Rule 60(b) Motion

[1] Plaintiff argues the trial court erred as a matter of law and abused its discretion when it entered orders on 26 April 2005 and 5 July 2005 because: (1) he timely filed his notices of appeal on 23 February 2005; (2) dismissing his appeal violated the Fifth and Fourteenth Amendments that protect the relationship between a parent and a child; and (3) awarding attorney's fees as cost pursu-

ant to Rule 35 and Rule 36 of the North Carolina Rules of Appellate Procedure is contrary to North Carolina law. We disagree.

This Court has stated:

> It is settled law that erroneous judgments may be corrected only by appeal, *Young v. Insurance Co.*, 267 N.C. 339, 343, 148 S.E.2d 226, 229 (1966) and that a motion under G.S. 1A-1, Rule 60(b) of the Rules of Civil Procedure cannot be used as a substitute for appellate review. *O'Neill v. Bank*, 40 N.C. App. 227, 231, 252 S.E.2d 231, 234 (1979); *see also In re Snipes*, 45 N.C. App. 79, 81, 262 S.E.2d 292, 294 (1980); 2 McIntosh, N.C. Practice and Procedure § 1720 (Supp. 1970).

*Town of Sylva v. Gibson*, 51 N.C. App. 545, 548, 277 S.E.2d 115, 117, *disc. rev. denied*, 303 N.C. 319, 281 S.E.2d 659 (1981).

Plaintiff did not properly appeal from the trial court's 26 April 2005 and 5 July 2005 orders. His failure to appeal bars any review of the merits of those orders. *See Lang v. Lang*, 108 N.C. App. 440, 452-53, 424 S.E.2d 190, 196-97 (The defendant's failure to perfect appeal of a judgment barred discussion of the merits of the judgment.), *disc. rev. denied*, 333 N.C. 575, 429 S.E.2d 570 (1993). The issue of whether the trial court's award of attorney's fees to defendant as cost is not properly before us. These assignments of error are dismissed.

Plaintiff moved pursuant to Rule 60(b)(5) and (6) to vacate the trial court's 26 April 2005 and 5 July 2005 orders. N.C. Gen. Stat. § 1A-1, Rule 60(b)(5) and (6) (2005) states:

> (b) On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

> (5) [I]t is no longer equitable that the judgment should have prospective application; or

> (6) Any other reason justifying relief from the operation of the judgment.

In one of the orders entered 9 February 2006, the trial court found:

> 7. That the Plaintiff's Motion alleges that his failure to perfect the appeals covered by the dismissal order was cured when the record on appeal from the Child Custody Order and Equitable Distribution Order entered by Judge Tin on August 2nd, 2004

were included by the Plaintiff in his record on appeal of the Court's January 25th, 2005 Child Support Order currently pending before the North Carolina Court of Appeals.

8. That the Plaintiff's Motion seeks relief based on the filing of a record on appeal in a companion child support case which would also apply to the Equitable Distribution and Child Custody Orders entered by the Court on August 2nd, 2004, if he was allowed to proceed with those appeals.

9. That the cases cited by the Plaintiff, *Poston v. Morgan*, 83 N.C. App. 295, 350 S.E.2d 108 (1986); *Condellone v. Condellone*, 137 N.C. App. 547, 528 S.E.2d 639 (2000); and *City of Durham v. Woo*, 129 N.C. App. 183, 497 S.E.2d 457 (1998) in support of his Motion for Rule 60(b)(5) and (6) are distinguishable from the case at bar because the cases cited sought to address situations that had not been fully adjudicated by the Court either through Attorney neglect or other extra-ordinary circumstances.

10. That the Plaintiff in this case has had all claims fully adjudicated by the Trial Court in this matter and there clearly has been no neglect on behalf of Counsel for Plaintiff.

11. That the Plaintiff's Motion presents no grounds on which the Court can conclude that it is no longer equitable for the April 26th, 2005 Order dismissing the Plaintiff's Appeals filed on November 23rd, 2004 and February 23rd, 2005 to have prospective application.

12. That the Plaintiff's Motion presents no grounds demonstrating any other reason justifying relief from [April] 26th, 2005 Order Dismissing the Plaintiff's Appeals or the July [5th], 2005 Order granting the Defendant's Motion for Attorney Fees in the amount of thirty-seven hundred ($3,700.00) dollars.

The trial court concluded as a matter of law:

1. That the Court has jurisdiction over the persons and subject matter of this action.

2. That the Plaintiff is not entitled to the relief pursuant to Rule 60(b)(5) and (6).

The trial court decreed, "That the Plaintiff's Motion for Relief pursuant to Rule 60(b)(5) and (6) of the North Carolina Rules of Civil Procedure is hereby Denied."

"The test for whether a judgment, order or proceeding should be modified or set aside under Rule 60(b)(6) is two pronged: (1) extraordinary circumstances must exist, and (2) there must be a showing that justice demands that relief be granted." *Howell v. Howell*, 321 N.C. 87, 91, 361 S.E.2d 585, 588 (1987). This Court has stated:

> When reviewing a trial court's equitable discretion under Rule 60(b)(6), our Supreme Court has indicated that this Court cannot substitute what it considers to be its own better judgment for a discretionary ruling of a trial court, and that this Court should not disturb a discretionary ruling unless it probably amounted to a substantial miscarriage of justice.

*Surles v. Surles*, 154 N.C. App. 170, 173, 571 S.E.2d 676, 678 (2002) (internal citations and quotations omitted).

The trial court's findings of fact are supported by competent evidence in the record and are binding on appeal. *Kirby*, 11 N.C. App. at 132, 180 S.E.2d at 410. Plaintiff has failed to show the trial court the order is "manifestly unsupported by reason" or otherwise abused its discretion in entering its order. *Clark*, 301 N.C. at 129, 271 S.E.2d at 63. Plaintiff failed to show the trial court's 9 February 2006 order denying plaintiff's motions for Rule 60 relief contains no errors of law. Plaintiff also failed to show the trial court's reference in its 9 February 2006 order to its prior award of attorney's fees as cost was an abuse of discretion. The trial court's order denying plaintiff's motion for Rule 60(b) relief is affirmed.

### V. Parent Coordinator

[2] Plaintiff argues the trial court erred in appointing a parent coordinator. He asserts the trial court failed to conduct an appointment conference prior to the entry of the appointment order on 9 February 2006. We disagree.

N.C. Gen. Stat. § 50-94 (2005) states, in part:

> (b) At the time of the appointment conference, the court shall do all of the following:

> (1) Explain to the parties the parenting coordinator's role, authority, and responsibilities as specified in the appointment order and any agreement entered into by the parties.

> (2) Determine the information each party must provide to the parenting coordinator.

McKYER v. McKYER

[182 N.C. App. 456 (2007)]

(3) Determine financial arrangements for the parenting coordinator's fee to be paid by each party and authorize the parenting coordinator to charge any party separately for individual contacts made necessary by that party's behavior.

(4) Inform the parties, their attorneys, and the parenting coordinator of the rules regarding communications among them and with the court.

(5) Enter the appointment order.

On 10 November 2005, defendant filed a "Motion to Appoint a Parent Coordinator." Plaintiff filed no response to this motion. On 28 November 2005, a hearing was held on the motion and plaintiff opposed the appointment of a parent coordinator.

The transcripts of this proceeding filed with this Court are incomplete. The trial court heard defendant's motion to appoint a parent coordinator beginning on page twenty-five of the transcript. The transcript ends inexplicably on page twenty-seven during the middle of the hearing.

"It is the appellant's duty and responsibility to see that the record is in proper form and complete." *State v. Alston*, 307 N.C. 321, 341, 298 S.E.2d 631, 644-45 (1983). "An appellate court is not required to, and should not, assume error by the trial judge when none appears on the record before the appellate court." *State v. Williams*, 274 N.C. 328, 333, 163 S.E.2d 353, 357 (1968). Here, the trial court conducted a hearing on 28 November 2005 before entering the appointment order on 9 February 2006. Due to plaintiff's failure to provide a complete transcript with the record on appeal, we cannot determine whether the trial court violated N.C. Gen. Stat. § 50-94.

Additionally, when an appellant "fail[s] to include a narration of the evidence or a transcript with the record, we presume the findings at bar are supported by competent evidence." *Davis v. Durham Mental Health*, 165 N.C. App. 100, 112, 598 S.E.2d 237, 245 (2004). Due to plaintiff's failure to include a complete transcript of the testimony before the trial court in the record on appeal, all findings are presumed to be supported by competent evidence. *Id.* Here, the trial court's findings demonstrate it complied with N.C. Gen. Stat. § 50-94. This assignment of error is overruled.

## VI. Conclusion

Plaintiff's appeals from the trial court's 26 April 2005 and 5 July 2005 orders are not properly before us. Plaintiff failed to show the

trial court abused its discretion in denying his motion for Rule 60(b) relief. Plaintiff failed to include a complete transcript of the hearing on defendant's motion to appoint a parent coordinator in the record on appeal. Based upon the trial court's findings of fact being presumptively supported by competent evidence, the trial court did not err by appointing a parent coordinator. The trial court's orders are affirmed.

Affirmed.

Judges ELMORE and GEER concur.