IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-259

Filed: 1 September 2020

Sampson County, No. 16 CVD 97

BRENTLEY ALLEN JACKSON, Plaintiff,

v.

KELLIE LYNN JACKSON (Now CLELLAND), Defendant.

Appeal by Defendant from orders entered 31 August 2018 and 10 October 2018 by Judge William B. Sutton, Jr. in Sampson County District Court. Heard in the Court of Appeals 4 September 2019.

*Benjamin Lee Wright for plaintiff-appellee.*

*Gregory T. Griffin for defendant-appellant.*

MURPHY, Judge.

Rule 60 is an improper method to remedy erroneous orders, which are properly addressed only by timely appeal. As a result, the trial court erred when it entered a Rule 60(b) order to relieve Plaintiff from the provisions of its prior custody order that, as theorized by the Rule 60(b) findings of fact, erroneously contained child support obligations. We vacate and remand.

**BACKGROUND**

On 29 January 2016, Plaintiff-Appellee Brentley Allen Jackson ("Plaintiff") filed his *Complaint for Divorce from Bed and Board, Child Custody, and Child*

*Support*. Defendant-Appellant Kellie Lynn Jackson (now Clelland; "Defendant") timely answered and counterclaimed, and a hearing was held on the issue of custody on 3-4 August 2017. As a result of the hearing, a custody order ("the Custody Order") was entered by the trial court on 5 September 2017. The Custody Order decreed, in relevant part:

> Plaintiff shall reimburse Defendant for travel to and from preschool and school and shall receive a credit for any trips he has to make to Fayetteville for custody exchanges and return at the same rate of reimbursement. The reimbursement rate shall be the rate given to State Employees for travel and the mileage will be from 118 Hay Street to the preschool or school or lesser mileage if Defendant moves her residence closer to the schools.

Plaintiff pursued no appeal from the Custody Order. Nor did Plaintiff pay Defendant for her travel in accordance with the Custody Order.

Eight months later, in June 2018, Defendant filed a *Motion to Show Cause* requesting that Plaintiff be held in civil contempt for violating the payment provision of the Custody Order. Plaintiff responded with a *Motion for Relief from Order and/or Modification of Order*, which asked the trial court to void the provision of the Custody Order requiring him to pay travel expenses. In relevant part, Plaintiff's motion argued:

> 5. That at the hearing on [3-4 August 2017] neither the Plaintiff nor the Defendant offered evidence as to their respective incomes nor the cost of sending the minor child to Grace Preschool.
>
> . . .

- 2 -

WHEREFORE, the Plaintiff prays the Court as follows:

1. That the Plaintiff be relieved of the child support provisions of the [Custody Order] pursuant to Rule 60(b)(1) in that the provisions concerning reimbursement and payment of daycare amount to a child support order and were entered by mistake in that the Court did not have facts in evidence to support a child support award because neither party offered evidence on the issue.

. . .

3. That in the alternative, the Plaintiff be relieved of the provisions of the [Custody Order] pursuant to Rule 60(b)(6) in that there are no findings of fact regarding the incomes of the parties in said order, the cost of pre-school and health insurance and the provisions concerning reimbursement and payment of daycare are not supported by evidence and Plaintiff has a meritorious defense to the entry of such provisions and his rights have been injuriously affected by the [Custody] Order.

The following week, Defendant moved to dismiss Plaintiff's motion.

On 13 August 2018, the trial court heard Plaintiff's motion and entered an order ("the Rule 60(b) Order") stating in relevant part:

**FINDINGS OF FACT**

1. This action was tried before the Court on [3 and 4 August 2017] and [the Custody] Order was entered on [5 September 2017].

2. That the Court required the Plaintiff to pay the cost of preschool and school and reimburse the Defendant for travel to and from preschool and school, receive a credit for any trips he made to Fayetteville, North Carolina for custody exchanges and gave reimbursement to Defendant at the rate given to state employees for travel and the

mileage for 118 Hay Street, Fayetteville, North Carolina to the school the child attended.

3. That the Court did made no [sic] findings as to the income of the Plaintiff or the Defendant in [the Custody] Order, nor did it make findings as to the cost of preschool and school, or health insurance for the minor child and no evidence was presented on those issues by either parties [sic].

4. That the [Custody] Order requiring the Plaintiff to reimburse the Defendant for travel cost is not supported by findings of fact.

5. That the Court therefore, is setting aside [the Custody Order] and substituting therefore the order set forth herein in lieu thereof.

## CONCLUSIONS OF LAW

1. That the [Custody] Order of [5 September 2017] should be set aside and an appropriate Order substituted therefore based upon the Court's findings, pursuant to:

a. Rule 60(b)(5) in that it is no longer equitable that the [Custody] Order should have prospective application; and

b. Rule 60(b)(6) in that the [Custody O]rder is irregular because it did not make findings as to the parties incomes [sic], cost of insurance and daycare and ordered the Plaintiff to make reimbursements to Defendant without determining the parties['] ability to pay.

2. That the rights of the Movant have been injuriously affected and the movant [sic] has shown a meritorious defense.

3. That the Defendant's Motion for Contempt against the Defendant [sic] has been rendered moot and therefore her motion for contempt should be dismissed.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:**

1. That the [Custody] Order entered in this cause on [5 September 2017] is set aside and the Court is substituting therefore the following Order: . . .

The Rule 60(b) Order is almost identical to the Custody Order, but omits the section about travel reimbursement, and was entered without an additional evidentiary hearing.

In response to the Rule 60(b) Order, Defendant moved for a new trial, arguing the trial court lacked authority to issue a new custody order without making new findings or conducting a new evidentiary hearing. On 10 October 2018, the trial court denied Defendant's *Motion for New Trial*, and Defendant filed timely notice of appeal.

## ANALYSIS

Rule 60(b) states in relevant part:

> (b) . . . On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (5) . . . it is no longer equitable that the judgment should have prospective application; or
>
> (6) Any other reason justifying relief from the operation of the judgment.
>
> The motion shall be made within a reasonable time . . . . A motion under this section does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to

set aside a judgment for fraud upon the court. The procedure for obtaining any relief from a judgment, order, or proceeding shall be by motion as prescribed in these rules or by an independent action.

N.C.G.S. § 1A-1, Rule 60(b)(5)-(6) (2019).

"[A] motion under [N.C.]G.S. [§] 1A-1, Rule 60(b) of the Rules of Civil Procedure cannot be used as a substitute for appellate review." *Town of Sylva v. Gibson*, 51 N.C. App. 545, 548, 277 S.E.2d 115, 117 (1981) (citing *O'Neill v. Bank*, 40 N.C. App. 227, 231, 252 S.E.2d 231, 234 (1979); *In re Snipes*, 45 N.C. App. 79, 81, 262 S.E.2d 292, 294 (1980); 2 McIntosh, N.C. Practice and Procedure § 1720 (Supp. 1970)).[1]

"An erroneous judgment is one rendered contrary to law. . . . [It] must remain and have effect until by appeal to a court of [appeals] it shall be reversed or modified." *Young v. State Farm Mut. Auto. Ins. Co.*, 267 N.C. 339, 343, 148 S.E.2d 226, 229 (1966) (citing *Moore v. Humphrey*, 247 N.C. 423, 101 S.E.2d 460) (emphasis omitted). "An erroneous order is one 'rendered according to the course and practice of the court, but contrary to law, or upon a mistaken view of the law, or upon an erroneous application of legal principles.' . . . An erroneous order may be remedied by appeal;

---

[1] *Town of Sylva* was specifically concerned with Rule 60(b)(6), which would render its more general holding on Rule 60(b) dicta. However, we have adopted the broader rule applying to all of Rule 60(b) in later cases. *See, e.g., McKyer v. McKyer*, 182 N.C. App. 456, 642 S.E.2d 527, (2007); *Smith v. Johnson*, 125 N.C. App. 603, 481 S.E.2d 415, (1997); *Jenkins v. Middleton*, 114 N.C. App. 799, 443 S.E.2d 110. (1994); *Lang v. Lang,* 108 N.C. App. 440, 424 S.E.2d 190, (1993); *Chicopee, Inc. v. Sims Metal Works, Inc.*, 98 N.C. App. 423, 391 S.E.2d 211, (1990); *J. D. Dawson Co. v. Robertson Mktg., Inc.*, 93 N.C. App. 62, 376 S.E.2d 254, (1989); *Long v. Fink*, 80 N.C. App. 482, 342 S.E.2d 557, (1986); *Coleman v. Coleman*, 74 N.C. App. 494, 328 S.E.2d 871, (1985). Therefore, we apply *Town of Sylva's* holding to both Rule 60(b)(5) and 60(b)(6) in this case.

it may not be attacked collaterally." *Daniels v. Montgomery Mut. Ins. Co.*, 320 N.C. 669, 676, 360 S.E.2d 772, 777, (1987) (quoting *Wynne v. Conrad*, 220 N.C. 355, 360, 17 S.E.2d 514, 518 (1941)).

Here, Plaintiff's motion argued the trial court should relieve him of the child support provisions because "there are no findings of fact regarding the income of the parties in [the Custody Order], the cost of pre-school and health insurance and the provisions concerning reimbursement and payment of daycare are not supported by evidence" as "neither the Plaintiff nor the Defendant offered evidence as to their respective incomes nor the cost of sending the minor child to Grace Preschool." The trial court's Rule 60(b) Order cited Rule 60(b)(5) and Rule 60(b)(6) to relieve Plaintiff from the child support provisions based on Finding of Fact 3, which states the trial court "made no findings as to the income of the Plaintiff or the Defendant in [the Custody Order], nor did it make findings as to the cost of preschool and school, or health insurance for the minor child and no evidence was presented on those issues by either parties [sic]," and Finding of Fact 4, which states "the [Custody] Order requiring the Plaintiff to reimburse the Defendant for travel cost . . . [was] not supported by findings of fact."

Plaintiff's 60(b) motion and the Rule 60(b) Order describe a legal error in the Custody Order, rather than an irregularity. In Plaintiff's 60(b) motion, he argues there were no findings of fact, nor any facts in evidence, to support the child support

provisions of the Custody Order, and as a result he should be relieved of the provisions related to child support. Similarly, the Rule 60(b) Order concludes the child support provisions in the Custody Order are unsupported by findings of fact in that order. The motion and order reflect that both Plaintiff and the trial court believed the Custody Order was "rendered contrary to law." *Young*, 267 N.C. at 343, 148 S.E.2d at 229. Thus, it was an erroneous order that could only be remedied by appeal, not by Rule 60(b). *Town of Sylva*, 51 N.C. App. at 548, 277 S.E.2d at 117.

Although not explicit in Plaintiff's Rule 60(b) motion or the Rule 60(b) Order, we interpret the comments about the child support provisions being unsupported by the evidence to be referring to N.C.G.S. § 50-13.4(c), which requires:

> Payments ordered for the support of a minor child shall be in such amount as to meet the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party, and other facts of the particular case.

N.C.G.S. § 50-13.4(c) (2019); *see also Coble v. Coble,* 300 N.C. 708, 712, 268 S.E.2d 185, 189 (1980) ("Under [N.C.]G.S. [§] 50-13.4(c), . . . an order for child support must be based upon the interplay of the trial court's conclusions of law as to (1) the amount of support necessary to 'meet the reasonable needs of the child' and (2) the relative ability of the parties to provide that amount. These conclusions must themselves be based upon factual *findings* specific enough to indicate . . . that the judge below took 'due regard' of the particular 'estates, earnings, conditions, [and] accustomed

standard of living' of both the child and the parents."). Based upon the findings of fact provided in the Rule 60(b) Order, the trial court relieved Plaintiff of the child support provisions ordered nearly a year earlier due to the failure of the earlier order to address "the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties." N.C.G.S. § 50-13.4(c) (2019). Absent the required findings, the earlier order was "rendered contrary to [N.C.G.S. § 50-13.4(c)]." *Young*, 267 N.C. at 343, 148 S.E.2d at 229. Such an erroneous order could only have been addressed by appeal, not by Rule 60(b). *Town of Sylva*, 51 N.C. App. at 548, 277 S.E.2d at 117.

Additionally, we interpret the aspects of Plaintiff's motion and the Rule 60(b) Order addressing findings of fact as referring to the requirement that:

> [w]here, as here, the trial court sits without a jury, the judge is required to find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment. . . . The purpose of the requirement that the court make findings of those specific facts which support its ultimate disposition of the case is to allow a reviewing court to determine from the record whether the judgment—and the legal conclusions which underlie it—represent a correct application of the law. The requirement for appropriately detailed findings is thus not a mere formality or a rule of empty ritual; it is designed instead to dispose of the issues raised by the pleadings and to allow the appellate courts to perform their proper function in the judicial system.

*Coble*, 300 N.C. at 712, 268 S.E.2d at 188-189 (internal citations and quotation omitted). Again, the findings of fact in the Rule 60(b) Order show that the action being complained of was the entry of child support provisions that were "rendered contrary to law" as the Custody Order failed to include the required findings of fact to support its child support determination. Therefore, the trial court erred in using Rule 60(b) here to relieve Plaintiff of the child support obligations as the findings of fact in the Rule 60(b) Order described the Custody Order as an erroneous order. We vacate the Rule 60(b) Order as an impermissible remedy for an alleged erroneous order that could only be addressed by appeal. *Town of Sylva*, 51 N.C. App. at 548, 277 S.E.2d at 117.

## CONCLUSION

The trial court impermissibly used Rule 60(b) to rectify what it described as an erroneous order that only could have been addressed by appeal and not by Rule 60(b). We vacate the Rule 60(b) Order. Defendant's remaining arguments on appeal are rendered moot and we do not address them. We remand this matter to the trial court for further proceedings, including a hearing on Defendant's *Motion for Contempt*.

VACATED IN PART; REMANDED IN PART.

Judge INMAN concurs.

Judge BERGER concurs in result only.