## GOODRICH SILVERTOWN STORES v. QUITTIE C. CAESAR and PAUL BENNETT MOTOR COMPANY.

(Filed 22 June, 1938.)

**1. Chattel Mortgages § 6a—**

The doctrine of accession is inapplicable when the personal property placed upon the personal property mortgaged may be conveniently detached without injury to the property mortgaged, and tires placed upon an automobile do not become a part thereof by accession.

**2. Chattel Mortgages § 6b—Mortgage given to cover after-acquired property covers such property only in the condition in which buyer receives it.**

The purchaser of an automobile executed a conditional sales contract to the seller, which contract provided that the lien should cover any equipment, repairs, replacements or accessories thereafter placed on the car. Thereafter the buyer purchased tires which were placed on the car, and executed a conditional sales contract on the tires and the automobile to secure the balance of the purchase price of the tires. Upon default, the seller of the car repossessed same, and the seller of the tires instituted claim and delivery proceedings for the tires alone. *Held:* The tires came into the hands of the buyer subject to the lien of the conditional sales agreement executed thereon, and the tire dealer's lien is not affected by the agreement relating to after-acquired property, and is superior to the lien of the automobile dealer, and the tire dealer is entitled to repossess the tires or to recover the value thereof from the automobile dealer if delivery cannot be had.

APPEAL by the plaintiff from *Phillips, J.*, at February Term, 1938, of FORSYTH. Reversed.

*Fred Hutchins, Harvey A. Lupton and H. Bryce Parker for plaintiff, appellant.*
*D. L. Bell and Ratcliff, Hudson & Ferrell for corporate defendant, appellee.*

SCHENCK, J. This is an action in claim and delivery to recover the possession of certain automobile tires and tubes, or the value thereof in the event that delivery cannot be had, heard upon an agreed statement of facts.

The facts agreed upon are substantially as follows: On 24 March, 1937, the defendant Paul Bennett Motor Company sold a 1931 Model AA Ford truck to Quittie C. Caesar for $125.00 and took a conditional sales agreement retaining title of the truck to secure the unpaid balance of the purchase price, which agreement was duly recorded 30 March,

1937. On 17 May, 1937, the plaintiff sold to Quittie C. Caesar two Silvertown Universal casings, Serial Nos. T939053473 and T103772828, and two Silvertown tubes for the price of $102.02. At the time of the sale Quittie C. Caesar executed to the plaintiff a chattel mortgage on the tires and tubes and also on the truck on which the corporate defendant held its conditional sales agreement, which chattel mortgage was duly recorded on 2 June, 1937. Quittie C. Caesar defaulted in his payments to the corporate defendant and it repossessed the truck and advertised it for sale under the terms of the agreement. At that time the tires and tubes on which the plaintiff held its chattel mortgage were on the truck. Before the advertised date of the sale the plaintiff instituted this claim and delivery proceeding against the corporate defendant, asking for possession of the tires and tubes, or their value, and asking judgment against Quittie C. Caesar, who had defaulted in the payment of the chattel mortgage which he had given to the plaintiff, for the balance owing on the tires and tubes, which amounted to $75.54. Service was never had on the defendant Caesar. The value of the tires and tubes at the time of the institution of this action was $35.00.

The conditional sales agreement executed by Quittie C. Caesar to the defendant Paul Bennett Motor Company contained a clause providing that the buyer shall have no right to create any lien on said car for repairs, replacements, equipment or improvements thereto and that any equipment, repairs, replacements or accessories placed upon said car should be at the buyer's expense and should become a component part thereof and included in the terms of the agreement. The corporate defendant permitted the said Quittie C. Caesar to maintain possession of the truck and to use it in his business.

The trial judge held and adjudged that the plaintiff was not entitled to recover the tires and tubes, or their value, from the corporate defendant, and dismissed the action. From this judgment the plaintiff appealed, assigning error.

The plaintiff does not contend that it has any right to the truck, or its value, superior to the rights of the corporate defendant by reason of its conditional sales agreement.

The question presented for decision is: Where the seller of automobile tires and tubes, at the time of the sale, takes a chattel mortgage on the tires and tubes, and also on a truck, to secure the balance of the purchase price of the tires and tubes, and thereafter the tires and tubes are placed on the truck, is the seller of the tires and tubes, upon default in the payments, entitled to recover them, or their value, from the seller of the truck, who has repossessed it, with the tires and tubes on it, under a prior conditional sales contract on the truck which contains an after-acquired property clause?

Since the plaintiff had a chattel mortgage on the tires and tubes, upon default in payment it was entitled to possession of the mortgaged property or to recover its value, unless such rights be denied it by the principle of accession and the clause in the conditional sales agreement held by the corporate defendant to the effect that any equipment or accessories placed upon the truck shall become a component part thereof and be included in the terms of the agreement.

The doctrine of accession is inapplicable in cases where personal property is placed upon other personal property if the property so placed had not become an integral part of the property to which it was attached and could be conveniently detached. In applying this principle the courts of the various jurisdictions have practically universally held that tires placed upon automobiles do not become part of the automobile by the principle of accession.

"These tires being easily identified by serial numbers, and being so attached that they are easily removed, without injury to the automobile, do not become a part of the automobile by the rule of accretion or accession." *Firestone Service Stores, Inc., v. Darden,* 96 S. W. (2d), 316 (Texas, 1936).

"We think it plain that one who attaches tires which he does not own to a motor truck which he does not own does not thereby pass title in the former to the owner of the latter. The doctrine of accession of chattels does not help the defendant. That doctrine applies where something is added to, attached to, or mixed with something else so that it cannot again be separated without the destruction or serious injury of the whole so formed. . . . Automobile tires such as were here dealt in can be detached from an automobile without destruction or injury to it, even where, as here the evidence tended to show, many parts have to be removed and replaced in the operation." *Bousquet v. Mack Motor Truck Co.,* 168 N. E., 800 (Mass., 1929).

See, also, *General Motors Truck Co. v. Kenwood Tire Co.,* 179 N. E., 394 (Ind., 1932); *K. C. Tire Co. v. Way Motor Co.,* 287 Pacific, 993 (Okla., 1930); *Tire Shop v. Peat,* 161 Atl., 96 (Conn., 1932); *Franklin Service Station v. Sterling Motor Truck Co.,* 147 Atl., 754 (R. I., 1929); *Clark v. Johnson,* 187 Pacific, 510 (Nev., 1920); *Motor Credit Co. v. Smith,* 24 S. W. (2d), 974 (Ark., 1930).

The conditional sales agreement was between the defendant Paul Bennett Motor Company, as seller, and Quittie C. Caesar, as buyer, and the agreement by the buyer "that any equipment, repairs, replacements or accessories placed upon said car shall be at the buyer's expense and shall become a component part thereof and included in the terms of this agreement" inured to the benefit of the motor company only to the extent of whatever property Caesar may have had in any accessories,

including tires and tubes, placed upon the truck, and Caesar never had any property in the tires and tubes not subject to the purchase price chattel mortgage executed by him to the plaintiff. Therefore, the plaintiff, as holder of a past-due chattel mortgage thereon, had a right to the possession of the tires and tubes, unless they had become so attached to the automobile as to become such an integral part thereof as not to be removable without detriment to the automobile.

In 10 Am. Jur., Chattel Mortgages, par. 205, p. 851, it is written: "A mortgage given to cover after-acquired property covers such property only in the condition in which it comes into the hands of the mortgagor. If that property is already subject to mortgages or other liens at that time, the general mortgage does not displace them although they may be junior to it in point of time. It attaches only to such interest as the mortgagor acquires. If he purchases property and gives a mortgage for the purchase money, the bill of sale which he receives and the mortgage which he gives are regarded as one transaction, and the prior mortgage cannot displace such mortgage for the purchase money."

In the case of *Goodrich Silvertown Stores v. Pratt Motor Co.,* 269 N. W., 464 (Minn., 1936), the defendant had sold to one Ordeman an automobile and took a chattel mortgage to secure the purchase price, in which it was provided that all additions to the automobile should become security for the debt. The agreement was properly recorded. Subsequent thereto, the plaintiff sold to Ordeman a battery and casings and took a conditional sales agreement thereon and recorded it. Ordeman placed the battery and casings on the automobile sold to him by the defendant. Upon default in payments of the purchase price the defendant under the terms of its agreement repossessed the automobile, and the plaintiff sued for the battery and casings, or their value, and it was held that the plaintiff was entitled to them, or their value, the Court saying: "It should be noted here that Ordeman did not get title to the battery and casings. Title remained in the plaintiff, vendor, under the provisions of the conditional sales contract. . . . As between defendant and Ordeman, the casings and battery would be held to be subject to the defendant's chattel mortgage, but as to persons like this plaintiff, who had sold these items to Ordeman on conditional sales contract, the defendant's mortgage attached only to the actual interest acquired by Ordeman under such sales contract."

The case at bar is distinguishable from *Twin City Motor Co. v. Rouzer Motor Co.,* 197 N. C., 371, relied upon by the appellee, in that the plaintiff in the Twin City Motor Company case elected to release the automobile, with a new motor it had placed therein, and relinquished its right to hold the automobile for the motor and work performed (C. S., 2435),

and contented itself with taking a chattel mortgage upon the automobile, which mortgage turned out to be subsequent to a conditional sales agreement on the automobile to secure the purchase price thereof. The plaintiff was denied recovery on its chattel mortgage as against the prior conditional sales agreement duly assigned to the defendant finance corporation.

We are of the opinion, and so hold, that, under the agreed statement of facts, his Honor erred in dismissing the action, and that the plaintiff is entitled to recover of the defendant Paul Bennett Motor Company the possession of the tires and tubes, and in the event such possession cannot be delivered, that it recover of the said corporate defendant $35.00 (the agreed value of the tires and tubes), and the costs of the action.

The case is remanded for judgment accordant with this opinion.

Reversed.