WILMA LANG, Plaintiff v. MANFRED LANG, Defendant

No. 9129SC966

(Filed 5 January 1993)

1. **Rules of Civil Procedure § 60.2 (NCI3d)— foreign divorce decree—summary judgment—Rule 60 motion—newly discovered evidence—denied**

The trial court correctly denied defendant's motion to vacate or modify a judgment on the grounds of newly discovered evidence where the parties, citizens of the Federal Republic of Germany, entered a divorce judgment in Germany in 1974 which called for defendant to pay plaintiff support, for defendant to pay child support, for defendant to place an encumbrance on real property in Germany to secure the support claims, and for defendant to repay to plaintiff certain loans; defendant did not pay the loans; plaintiff sought and received a German judgment on the loans which defendant did not pay; defendant unilaterally stopped making support payments and plaintiff foreclosed on the German property; plaintiff filed a complaint in Henderson County to enforce the German judgment on the loans; the Henderson County Superior Court granted summary judgment; plaintiff filed a notice of appeal but failed to timely serve the record on appeal; a motion for extension of time was denied, as were petitions for certiorari to the Court of Appeals and the Supreme Court; the appeal was dismissed; and plaintiff filed this Rule 60 motion. Although defendant contended that with due diligence he could not have discovered that plaintiff had seized and foreclosed upon his property in Germany and that he could have asserted partial or complete satisfaction of the German judgment on the loans had he known, defendant unilaterally ceased making the support payments and should have reasonably expected that plaintiff would take appropriate actions such as foreclosure.

**Am Jur 2d, Judgments §§ 820, 905, 906.**

**Propriety of United States District Court where judgment is registered, pursuant to 28 USCS Sec. 1963, granting relief from that judgment under Rule 60(b) of Federal Rules of Civil Procedure. 55 ALR Fed 439.**

2. **Rules of Civil Procedure § 60.2 (NCI3d) — German divorce agreement — summary judgment for plaintiff on action to enforce — Rule 60 motion denied**

The trial court correctly denied defendant's motion under N.C.G.S. § 1A-1, Rule 60(b)(3) where defendant contended that plaintiff had made misrepresentations concerning a German foreclosure sale in an action to enforce a German divorce agreement. Defendant was a German citizen when the German judgments were entered and did not contest jurisdiction before the German court, failed to demonstrate extrinsic fraud, and failed to show that the judgments offend public policy. The misrepresentation claimed by defendant was that plaintiff stated that she had not received a set-off as to a German judgment arising from defendant's failure to repay a loan according to the divorce decree; however, the foreclosure action resulted from failure to pay support, an obligation unrelated to defendant's obligation to repay the loan.

**Am Jur 2d, Judgments §§ 841, 905, 906.**

**Fraud in obtaining or maintaining default judgment as ground for vacating or setting aside in state courts. 78 ALR3d 150.**

3. **Appeal and Error § 63 (NCI4th) — action to enforce German judgment — personal jurisdiction — amount of judgment — appropriate appeal in German courts**

The appropriate route of appeal for issues involving personal jurisdiction of a German court over defendant and the amount of a judgment was through German courts where plaintiff brought an action in North Carolina to enforce a German judgment, summary judgment was granted for plaintiff, defendant's appeal was dismissed and his petitions for certiorari denied, his Rule 60 motion to vacate the judgment was denied, and he brought this appeal from that denial. Defendant presented no basis to disturb the German court's ruling on the amount of the judgment and, even if the Court of Appeals could address the issue of the German court's jurisdiction, such a discussion would be barred by the Superior Court's dismissal of plaintiff's original appeal. These issues were not a part of defendant's motion to vacate or modify judgment before the trial court.

**Am Jur 2d, Judgments §§ 753, 1232, 1239.**

LANG v. LANG

[108 N.C. App. 440 (1993)]

**4. Rules of Civil Procedure § 60.2 (NCI3d)— action to enforce German judgment—summary judgment for plaintiff—motion to vacate or modify judgment denied**

The trial court did not err by denying a N.C.G.S. § 1A-1, Rule 60(b)(5) motion to vacate or modify a summary judgment in an action to enforce a German judgment where the court found that, under German law, plaintiff did not have to account for the profits from her sale of defendant's foreclosed-upon German property and that defendant was not entitled to credit for that amount toward the loan which was the subject of this action. Because there was no set-off under German law, plaintiff made no misrepresentations to the Superior Court and defendant fails to cite any German statutes or cases to show that the German court erred.

**Am Jur 2d, Conflict of Laws §§ 10, 16, 34; Judgments §§ 905, 906.**

**5. Rules of Civil Procedure § 60.3 (NCI4th)— enforcement of German judgment—exchange rate—appeal not perfected— Rule 60 motion not a substitute**

Any discussion of the exchange rate used in a judgment enforcing a German judgment was barred by the Superior Court's appropriate dismissal of defendant's appeal in that action. A motion under N.C.G.S. § 1A-1, Rule 60(b), the subject of this appeal, is not to be used as a substitute for appellate review.

**Am Jur 2d, Judgments §§ 905, 906.**

**Appealability of order setting aside, or refusing to set aside, default judgment. 8 ALR3d 1272.**

Appeal by defendant from order entered 18 July 1991 by Judge C. Walter Allen in Henderson County Superior Court. Heard in the Court of Appeals 10 November 1992.

This case involves an action in Superior Court for the enforcement of a German court's judgment, which arose from defendant's loan obligation to plaintiff in their German divorce settlement decree. The parties, citizens of the Federal Republic of Germany, entered a divorce agreement there which was filed in the District Court of Heilbronn, Federal Republic of Germany, on 23 April 1974. The certified translation of the divorce agreement appears in the record.

The agreement provided that defendant was to make support payments, secured by defendant's real property in Germany, as follows:

1. a) The defendant shall pay the plaintiff for her support as of the entering of a non-appealable divorce decree the monthly amount of DM 1,500.—. Payment shall be made in advance (of each month), respectively.

. . . .

2. The defendant shall pay to each of the children stemming from the marriage, Silvia Lang, Beatrix Lang, and Karin Lang, to the hands of the plaintiff, DM 500.00 per month at the beginning of the month for their support.

. . . .

3. c) For the purpose of securing the support claims set forth under 1. and 2. in the amount stated, the defendant is obligated to place a conditional encumbrance on the real property located in the District of Weiler GBH Pfaffenhofen-W-No. 265, div. I No. 5, parcel No. 549/2 Untennaus, Construction Site 4 a 04 sqm at the most readily available priority position and to agree to record such encumbrance in the Land Register.

Additionally, the divorce agreement and a supplemental agreement dated 10 May 1974 provided that defendant would repay, to plaintiff, certain loans with interest.

Defendant did not repay the loans. To enforce defendant's obligation on the loans, plaintiff sought and received a judgment from the District Court of Heilbronn on 11 July 1985. Defendant did not pay this judgment. On 3 January 1989, plaintiff filed a complaint in Henderson County Superior Court to enforce the German court's 11 July 1985 judgment. The Superior Court granted summary judgment for plaintiff on 13 September 1990, entering the following "Order and Judgment":

FINDINGS OF FACT

. . . .

2. The Civil Court of the District Court of Heilbronn, Federal Republic of Germany, had personal jurisdiction over

the Defendant in the action resulting in the entry of this Foreign Judgment, which this Court so held in its Order of July 10, 1989 in ruling against the Defendant on his Motion to Dismiss this action.

3. The Foreign Judgment provides that the Defendant is to pay to the Plaintiff DM 140,000, plus 4% interest from January 1, 1983, and DM 81,200, with no provision for interest. The Court finds that the total principal sum of DM 221,200.00 together with interest in the amount of DM 42,912.88 was due and owing the Plaintiff by the Defendant on this Foreigh [sic] Judgment as of August 30, 1990, the date this Motion for Summary Judgment was heard.

4. The Court takes judicial notice of the fact that the currency conversion rate of deutsche marks to U.S. dollars as published in The Wall Street Journal on August 30, 1990 was .64123 dollars per deutsche mark.

CONCLUSIONS OF LAW

Based on these findings of fact, the Court makes the following conclusions of law:

1. There is no genuine issue of material fact as to Plaintiff's claims against the Defendant, and Plaintiff is entitled to judgment as a matter of law on the amounts prayed for in the Complaint.

2. The Plaintiff is entitled to a judgment against the Defendant in the amount of DM 221,200.00 for the principal due and owing on the Foreign Judgment. This amount is to be converted to U.S. currency at the conversion rate of .64123 dollars per deutsche mark for a total amount of $141,840.08. Plaintiff is further entitled to recover post-judgment interest at the legal rate on this amount.

3. The Plaintiff is also entitled to a judgment against the Defendant in the amount of DM 42,912.88 for the interest due and owing on the Foreign Judgment as of August 30, 1990. This amount is to be converted to U.S. currency at the conversion rate of .64123 dollars per deutsche mark for a total amount of $27,517.03.

4. The Plaintiff is further entitled to recover its court costs.

On 14 September 1990, defendant filed his notice of appeal from the Superior Court's entry of summary judgment for plaintiff. Defendant failed to timely serve the record on appeal. On 11 December 1990, after the period for serving a proposed record on appeal had expired, defendant filed a motion for extension of time with this Court. This Court denied defendant's motion on 27 December 1990. Subsequently, on 15 January 1991, defendant filed a petition for writ of certiorari, which this Court denied on 1 February 1991. Thereafter, on 8 February 1991, defendant filed a petition for writ of certiorari with our Supreme Court, which denied the petition on 13 March 1991.

On 6 May 1991, the Superior Court dismissed defendant's appeal for failure to timely perfect the appeal. On 8 May 1991, defendant filed in Superior Court a motion to vacate or modify the 13 September 1990 summary judgment pursuant to G.S. 1A-1, Rule 60. A hearing was held on 8 July 1991. On 18 July 1991, the Superior Court entered the following order denying defendant's motion to vacate or modify the 13 September 1990 summary judgment:

FINDINGS OF FACT

1. On September 13, 1990, this Court entered a summary judgment in favor of the plaintiff which in effect domesticated a foreign judgment against the defendant entered by the Heilbronn District Court in Germany on July 11, 1985 (the "July 11, 1985 Judgment"). The defendant filed notice of appeal to the North Carolina Court of Appeals, but the defendant failed to perfect his appeal and his appeal was dismissed by this Court on May 6, 1991.

2. The July 11, 1985 Judgment resulted from defendant's failure to repay certain loans as established in a divorce agreement between the plaintiff and defendant that was entered on or about April 23, 1974. As a separate obligation in the divorce agreement between the parties, the defendant was to make certain support payments to the plaintiff and their children, and to secure payment of these support obligations the defendant encumbered a certain piece of real property he owned in Germany (the "Property").

3. In violation of the divorce agreement, the defendant ceased making support payments, and on or about March 3, 1986, the plaintiff initiated a foreclosure action in Germany against the Property to satisfy the support obligations which had accrued and which continued to accrue (the "Foreclosure Action").

4. Under German law, the local court where the Property is located was responsible for preparing the papers to initiate the Foreclosure Action and for serving these papers on the defendant or someone appointed to accept service on behalf of the defendant. The plaintiff was not responsible for preparing or serving these documents on the defendant.

5. In the Foreclosure Action, the German court attempted, without success, to serve papers and documents upon the defendant by delivering them to Lutz Wachsmann, who was believed to be the defendant's authorized agent to accept service, and by mailing them to the defendant at two different addresses in the United States. In accordance with German law, the German court then appointed Arthur Lang, the defendant's father, to accept service on behalf of the defendant.

6. Prior to selling the Property, the German court established its fair market value at DM 250,000.00. Under German law, the purchase price paid for the property at the foreclosure auction cannot be challenged unless the bid is less than 70% of the determined fair market value.

7. The Property was auctioned off by the German court on March 7, 1988, and the plaintiff was the last and highest bidder at the sale, purchasing the Property for DM 217,000.00, plus interest.

8. The purchase price paid for the Property was distributed among various creditors of the defendant in accordance with a plan of distribution approved by the German court. The plaintiff's claims against the proceeds from the Foreclosure Action totalled DM 77,702.40, which represented DM 75,000.00 for arrearages in support payments from February 1, 1984 through March 31, 1988, and DM 2,702.49 for the cost of judicial prosecution. The plaintiff only received DM 49,496.47 in the Foreclosure Action in partial satisfaction of her claims.

LANG v. LANG

[108 N.C. App. 440 (1993)]

9. Subsequent to the Foreclosure Action the plaintiff sold the Property. Under German law the plaintiff did not have to account for the benefit of the defendant any profit she received from her sale of the Property.

CONCLUSIONS OF LAW.

Based on these findings of fact, the Court makes the following conclusions of law:

1. The plaintiff received no proceeds from the Foreclosure Action which could have been applied toward the satisfaction of the July 11, 1985 Judgment, and therefore the plaintiff made no misrepresentations to this Court in this action to recover the full amount owed on the July 11, 1985 Judgment. The defendant's motion under [G.S. 1A-1] Rule 60(b)(5) and [G.S. 1A-1] Rule 60(b)(3) of the North Carolina Rules of Civil Procedure should be denied.

2. The documents and information about the Foreclosure Action is not evidence sufficient to set aside or modify the judgment in this case and is not newly obtained evidence which by due diligence could not have been discovered in time to move for a new trial under [G.S. 1A-1] Rule 59(b). The defendant's motion under [G.S. 1A-1] Rule 60(b)(2) of the North Carolina Rules of Civil Procedure should be denied.

3. The exchange rate used in converting deutsche marks to dollars is a matter which should have been addressed by the defendant in an appeal in this case. Nevertheless, the exchange rate used at the time judgment was entered was correct in that the plaintiff was entitled to recover an amount in dollars equivalent to the amount in deutsche marks owed under the July 11, 1985 Judgment. The defendant's motion under [G.S. 1A-1] Rule 60(b)(6) of the North Carolina Rules of Civil Procedure should be denied.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that:

1. Defendant's Motion to Modify or Vacate Judgment is hereby denied;

2. That the stay of execution previously entered in this matter pursuant to a Stipulation and Agreement between the parties on May 31, 1991 is terminated;

3. That plaintiff is entitled to proceed in enforcing her judgment against the defendant, including but not limited to having the real property pledged in the Bond posted by the defendant and his wife, Edith Lang, sold and the proceeds applied toward the satisfaction of the plaintiff's judgment; and

4. Until plaintiff's judgment is satisfied in full, the defendant and his wife, Edith Lang, shall not sell, encumber, transfer title, or in any other manner dispose of the property pledged in the Bond, except as may be ordered by this Court, which property is more accurately described as follows:

> Lots 13, 27, 28, 59, 60, 61, 70, 71, 72, 73, 74, 75, 77, 78, 106, 107, and 108, Wildwood Heights subdivision and is a portion of that property recorded in Deed Book 701, at Page 767, Henderson County Registry.

From the trial court's 18 July 1991 order, defendant appeals.

*Smith Helms Mulliss & Moore, by Robert H. Pryor and Gregory S. Hilderbran, for plaintiff-appellee.*

*Bazzle, Carr & Gasperson, P.A., by Ervin W. Bazzle, for defendant-appellant.*

EAGLES, Judge.

Defendant brings forth six assignments of error in his appeal from the Superior Court's 18 July 1991 denial of his G.S. 1A-1, Rule 60 motion to vacate or modify the 13 September 1990 summary judgment. We note initially that defendant made this motion on 8 May 1991, two days after his original appeal from the 13 September 1990 summary judgment was appropriately dismissed by the Superior Court. We further note that prior to that dismissal, defendant's motion for an extension of time to serve the record on appeal in that appeal was denied by this Court and defendant's petition for a writ of certiorari was subsequently denied by this Court and later by our Supreme Court. After careful examination of the record, we affirm the Superior Court's 18 July 1991 order.

I.

[1] Defendant contends that the Superior Court erred by denying his G.S. 1A-1, Rule 60(b)(2) motion to vacate or modify the judgment on the grounds that new evidence had been discovered. Defendant asserts that he with due diligence could not have discovered that

**LANG v. LANG**

[108 N.C. App. 440 (1993)]

plaintiff had seized and foreclosed upon his property in Germany and that, had he known, he could have asserted the defense of partial or complete satisfaction of the 1985 German judgment on the loan. We disagree.

According to G.S. 1A-1, Rule 60(b)(2), a trial court may grant a party relief from a final judgment or order when there is "[n]ewly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." G.S. 1A-1, Rule 59(b) provides that a party has ten days after the entry of judgment to move for a new trial.

Defendant has failed to establish that the evidence could not have been discovered with due diligence within ten days after the summary judgment was entered on 13 September 1990. The divorce agreement entered before the German court in 1974 expressly stated that defendant's property would serve as security for defendant's obligation to pay the support payments. Defendant unilaterally ceased making these support payments in 1982. Because he had pledged his property as security for these support payments in the divorce decree, defendant should have reasonably expected that plaintiff would take appropriate actions (such as foreclosure) to assure payment of defendant's obligation.

Accordingly, by the express terms of the 1974 divorce agreement, defendant had at least constructive knowledge that one of plaintiff's possible alternatives included foreclosure on defendant's property mentioned in the agreement. We find no merit in defendant's contention that this constituted newly discovered evidence which by due diligence he could not have discovered in time to move for a new trial under G.S. 1A-1, Rule 59(b).

II.

[2] Defendant contends that the Superior Court erred in denying his G.S. 1A-1, Rule 60(b)(3) motion by concluding as a matter of law that plaintiff had not made misrepresentations (concerning the proceeds from the German court's foreclosure sale) to the Superior Court in obtaining the 13 September 1990 summary judgment. We disagree.

We note initially that defendant states in his brief that he "did not ask the [t]rial [c]ourt and is not asking this Court to review or take any action regarding the German [c]ourt's seizure and sale of his property," and we additionally note that even if

defendant tried to make this argument, it would fail. Despite this statement in defendant's brief, defendant nevertheless argues that plaintiff made misrepresentations to the Superior Court by alleging that plaintiff made misrepresentations to the German court, thus "demonstrat[ing] a pattern by the [p]laintiff of deception and misrepresentation to the presiding [c]ourt." This Court has previously held that

> the final judgment of another jurisdiction may be collaterally attacked on three grounds: (1) lack of jurisdiction; (2) fraud in the procurement; or (3) that it is against public policy. *Fungaroli v. Fungaroli*, 53 N.C. App. 270, 278, 280 S.E.2d 787, 792 (1981); *see also Courtney v. Courtney*, 40 N.C. App. 291, 253 S.E.2d 2 (1979).
>
> However, to make a successful attack upon a foreign judgment on the basis of fraud, it is necessary that *extrinsic* fraud be alleged. *Id.* Extrinsic fraud is that which is collateral to the foreign proceeding, and not that which arises within the proceeding itself and concerns some matter necessarily under the consideration of the foreign court upon the merits. *See Horne v. Edwards*, 215 N.C. 622, 624, 3 S.E.2d 1, 3 (1939).

*J.I.C. Electric, Inc. v. Murphy*, 81 N.C. App. 658, 660, 344 S.E.2d 835, 837 (1986) (emphasis in original). When the German judgments were rendered, defendant was a German citizen. Defendant has not contested before the German courts their exercise of jurisdiction in rendering those judgments. Defendant has failed to show extrinsic fraud and has failed to demonstrate that the judgments offend public policy. Accordingly, defendant has shown no reason for this Court to decline recognition under the principles of comity to all aspects of the German judgments. *See Mayer v. Mayer*, 66 N.C. App. 522, 527, 311 S.E.2d 659, 663, *disc. review denied*, 311 N.C. 760, 321 S.E.2d 140 (1984) ("Recognition of foreign decrees by a State of the Union is governed by principles of comity."); 1 R. Lee, N.C. Family Law §104 (4th ed. 1979 & Cum. Supp. 1989).

Defendant specifically contends that plaintiff committed a misrepresentation before the Superior Court when she stated that she had not received a "setoff" from defendant as to the 1985 German judgment arising from defendant's failure to repay the loan according to the terms of the 1974 divorce decree. Defendant contends that the excess funds received in the foreclosure action constituted this alleged setoff. However, as the record before us

and the findings of the Superior Court clearly demonstrate, the foreclosure action resulted from defendant's failure to pay the support payments, an obligation unrelated to defendant's obligation to repay the loan. Accordingly, no setoff existed as to the 1985 German judgment and plaintiff committed no misrepresentation before the Superior Court. We find defendant's argument to be without merit.

## III.

[3] In his next two assignments of error, defendant contends that the Superior Court erred by: 1) finding that defendant was properly served with the German court's foreclosure action in accordance with German law because defendant was "a resident alien of the United States [and t]he German court was required to comply with the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters [20 U.S.T. 36, T.I.A.S. 6638 (Hague Convention)]," and 2) finding that "[p]laintiff was entitled to a claim of DM 77,702.40 against the proceeds of the foreclosure action." Without reaching the merits, we find that these arguments fail because these issues were not a part of defendant's motion to vacate or modify judgment before the trial court.

Defendant first raised the issue of the personal jurisdiction of the German courts in his 4 August 1989 answer to plaintiff's 3 January 1989 complaint (filed in the Henderson County Superior Court) to enforce the 1985 German judgment. Defendant's appeal of the 13 September 1990 summary judgment, which arose from that complaint, was appropriately dismissed by the trial court after: 1) this Court's denial of defendant's motion for an extension of time and 2) subsequent denials of defendant's petitions for a writ of certiorari by this Court and our Supreme Court. Even if, assuming *arguendo*, this Court could address the issue of the German court's exercise of jurisdiction over defendant in the German court's own foreclosure action, such a discussion would be barred by the Superior Court's appropriate dismissal of plaintiff's appeal. Defendant's remedy, if it exists at all, exists in the courts of Germany, where the judgments were originally entered.

The amount of plaintiff's claim, DM 77,702.40, originally arose from the German court's evaluation of defendant's failure to pay his support obligations. This figure was approved by the German court in its plan of distribution. The Superior Court was presented no basis to disturb the German court's ruling. Again, defendant's

appropriate route of appeal is to the German courts. We note that plaintiff received only DM 49,496.47 from the actual proceeds of the foreclosure action itself, which was partial satisfaction of the DM 77,702.40 owed by defendant.

## IV.

[4]   Defendant argues that the trial court erred in denying his G.S. 1A-1, Rule 60(b)(5) motion to vacate or modify the judgment by finding that, under German law, plaintiff did not have to account for the profits from her sale of defendant's foreclosed-upon German property and by not crediting this amount towards the satisfaction of the 1985 German judgment arising from the default on the loan. Defendant cites no cases or statutes for this proposition but merely argues that

> [t]he facts described in detail in Arguments II and IV [regarding the German court's foreclosure sale] show that the Plaintiff was unjustly enriched in the amount of 92,271.74 DM, due to her misrepresentations. This amount was taken in constructive trust by her for Defendant Lang, and, if nothing else, should be applied as a setoff against the 1985 [German] judgment [which arose separately from the default on the loan].
>
> To allow the Plaintiff to recover the full amount of the judgment would be unfair.

As discussed *supra*, because there was no setoff under German law, plaintiff made no misrepresentations to the Superior Court. Additionally, defendant fails to cite any German statutes or cases to show that the German court erred or to challenge the existence of the 70% rule in German foreclosure actions, explained in the Superior Court's 18 July 1991 order, *supra*. Accordingly, this assignment of error fails.

## V.

[5]   Finally, defendant argues that the Superior Court erred by denying his motion to vacate or modify the judgment under G.S. 1A-1, Rule 60(b)(6) because the exchange rate used in the 13 September 1990 summary judgment was incorrect. We disagree.

As defendant admits in his brief, defendant failed to perfect his appeal of the 13 September 1990 judgment. The Superior Court properly dismissed that appeal on 6 May 1991. Regarding the correction of erroneous judgments, this Court has previously held:

**LANG v. LANG**

[108 N.C. App. 440 (1993)]

It is settled law that erroneous judgments may be corrected only by appeal, *Young v. Insurance Co.*, 267 N.C. 339, 343, 148 S.E. 2d 226, 229 (1966) and that a motion under G.S. 1A-1, Rule 60(b) of the Rules of Civil Procedure cannot be used as a substitute for appellate review. *O'Neill v. Bank*, 40 N.C. App. 227, 231, 252 S.E.2d 231, 234 (1979); *see also In re Snipes*, 45 N.C. App. 79, 81, 262 S.E.2d 292, 294 (1980); 2 McIntosh, N.C. Practice and Procedure § 1720 (Supp. 1970).

*Town of Sylva v. Gibson*, 51 N.C. App. 545, 548, 277 S.E.2d 115, 117, *disc. review denied*, 303 N.C. 319, 281 S.E.2d 659 (1981). The Superior Court's appropriate dismissal of defendant's appeal bars any discussion of the merits of the exchange rate used in the judgment. Accordingly, the trial court properly denied defendant's G.S. 1A-1, Rule 60(b)(6) motion.

## VI.

For the reasons stated, the order of the trial court is affirmed.

Affirmed.

Judges PARKER and ORR concur.